or persons, not parties to the action, who claim the same fund, the court in which the action is pending may, on the petition of such savings bank, make an order amending the proceedings in the action by making such claimants parties defendant thereto. It appears that the person named in the petition of the bank claimed the fund in suit, and the motion should be granted, with $10 costs and disbursements of this appeal.

Order reversed, and motion granted, with $10 costs and disbursements.

---

(5 App. Div. 39)

### TRACY et al. v. G. H. HAMMOND CO. et al.

(Supreme Court, Appellate Division, Fourth Department. April, 1896.)

ASSIGNMENT—RIGHTS OF ASSIGNEE.

A debtor assigned his property to defendants as collateral security for any indebtedness he might owe them, the balance to revert to the assignor. On the next day he assigned the same property to plaintiffs as collateral security for his indebtedness to them. Afterwards the same property was levied on under an attachment in favor of another creditor. *Held* that, though the first assignment, which was void as to the assignor's creditors, was valid as between the parties, the assignor still had an interest in the property, which passed under the second assignment to plaintiffs.

Appeal from circuit court, Onondaga county.

Action by Osgood V. Tracy and Charles S. Tracy against the G. H. Hammond Company, of Syracuse, N. Y., and John A. Hoxsie, sheriff of Onondaga county. Judgment was rendered in favor of plaintiffs, and defendants appeal. Affirmed.

The opinion of Mr. Justice VANN at special term is as follows:

On the 16th day of August, 1893, the defendant Theresa M. Christian assigned to the defendants Thomas Lane and Frank Moore her book accounts and bills receivable "as collateral security to secure them for any indebtedness due or owing them from me, with full authority to sue and collect the same, in my name, or otherwise, and when such indebtedness shall be fully paid, then this assignment shall be null and void, and the balance of said accounts shall revert to myself, my heirs and assigns." On the 17th of August, 1893, said Christian assigned to the plaintiffs "all book accounts and bills receivable owing to me, of every name and nature, subject to a prior assignment thereof to Thomas Lane and Frank Moore, made as collateral security for my indebtedness to them; and when the claim of said Lane & Moore is satisfied, I authorize the said O. V. Tracy & Co. to sue and collect the said accounts, in my name or otherwise, and apply the proceeds thereof upon my indebtedness to said O. V. Tracy & Co., and, when the same shall be paid, this assignment shall be void." On August 19, 1893, the defendant, the G. H. Hammond Company, obtained an attachment against the property of Mrs. Christian, and the same was duly levied upon the accounts in question, which are of the face value of about $1,500, and of the actual value of about $800. Subsequently the G. H. Hammond Company, through an action brought in this court in the nature of a creditors' bill, caused said assignment to Lane & Moore to be set aside as fraudulent and void, and the lien of its attachment on said accounts to be adjudged superior to their rights. The object of this action is to procure a judgment declaring the rights of the plaintiffs to be superior to those of the Hammond Company.

The first question arising for decision is whether the assignment to the plaintiffs was executed and delivered to them prior to the levy of said attachment. This presents a question of fact which I have decided in favor of the

plaintiffs, as the weight of evidence in my opinion tends strongly in that direction. The appellants, however, contend that, as the first assignment was valid as between the parties, it was equally binding upon their assigns, and that Mrs. Christian could not, by a voluntary act of hers, transfer to the plaintiffs a right which she did not possess herself. Brownell v. Curtis, 10 Paige, 210, 219; Storm v. Davenport, 1 Sandf. Ch. 135, 137; Bynum v. Miller, 86 N. C. 559. If the assignment to Lane & Moore had been absolute, so that the plaintiffs would be compelled to procure it to be set aside as fraudulent, in order to establish a prior right to the accounts, the position of the appellants would not be without force under the authorities cited. But the assignment was only as collateral security, not for a debt specified or described, but "for any indebtedness due or owing from" the assignor to the assignee. The instrument of transfer does not assert, except by implication, that any debt existed, as, in fact, none did exist; for, by mistaken conception of right, rather than with actual fraudulent intent, the debt intended to be secured was, not that of the assignor, but of her husband. Obviously, Mrs. Christian had something to assign, to wit, what remained after the debts owing by her to Lane & Moore were paid. That interest belongs to the plaintiffs, and they can ask the court to protect it without attacking the first assignment, but standing on it, and acting, not in hostility, but in subordination to it. They had a right to an accounting to ascertain the amount of the indebtedness of Mrs. Christian to Lane & Moore, and to have the remainder of the fund awarded to them. It so happens that there was no indebtedness between the parties named in the first assignment, and hence the plaintiffs are entitled to the whole of the proceeds of the accounts, not exceeding the amount of their debt. They took title subject to the title of Lane & Moore. If the latter had a debt against their assignor, the plaintiffs, on extinguishing it by payment, would have had absolute title to the extent of their debt. The same result follows from the fact that Lane & Moore had no debt to be secured. They took nothing, and the plaintiffs stand next in order, without raising the question of fraud in the first transfer, but simply claiming that it was ineffectual, because, although a collateral assignment, it had no debt to rest upon. Recognizing it as a valid instrument, as distinguished from one fraudulent and void, they say to Lane & Moore, in substance: "Take out your debt and give us the balance." But the answer must be "We have no debt." "Then," the plaintiffs say, "We are entitled to the whole." And I see no answer to the position, for the plaintiffs make no claim with reference to the first assignment that Mrs. Christian might not lawfully have made herself. While this may not be consistent with the theory of the complaint, it is a logical and necessary result from the conceded facts.

There must be judgment accordingly, but as Hammond & Co. shook the bush, while the plaintiffs get the bird, with costs payable out of the fund only.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Benjamin Stolz and Wm. S. Jenney, for appellants.
William G. Tracy, for respondents.

PER CURIAM.　Judgment affirmed, with costs, on the opinion of VANN, J., delivered at special term.

---

(17 Misc. Rep. 639)

## COHEN v. WALDRON.

(Supreme Court, Special Term, New York County. July, 1896.)

Usury—Evidence.
　　Plaintiff, at the request of defendant, to avert foreclosure of a mortgage on defendant's property, paid the mortgage debt, less 10 per cent., and took an assignment of the mortgage, and defendant, with plaintiff's knowledge,